# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ARTHUR TORRES, | ) | NO. CV 18-9469-JVS (KS) |
| Petitioner, | ) | |
| v. | ) | ORDER: DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE; AND DENYING CERTIFICATE OF APPEALABILITY |
| SCOTT FRAUENHEIM, | ) | |
| Respondent. | ) | |

On November 7, 2018, Arthur Torres ("Petitioner"), a California state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus ("November 2018 Petition") under 28 U.S.C. § 2254 in which he attacks his May 2001 conviction for, *inter alia*, murder, kidnapping, torture, and robbery, on the grounds of ineffective assistance of counsel.[1] Petitioner states on the caption page of the Petition that he has filed two prior habeas

---

[1] Petitioner is serving a sentence of "three consecutive terms of life imprisonment without the possibility of parole, one consecutive term of life imprisonment with the possibility of parole, and an aggregate determinate term of 31 years" resulting from his May 2001 conviction of the following seventeen crimes: two counts of first degree murder committed during the commission of attempted robbery; one count of first degree murder committed during the commission of kidnapping; one count of carjacking; one count of attempted carjacking; one count of kidnapping for carjacking; one count of kidnapping; one count of torture; two counts of possession of a firearm by a felon; one count of assault with a firearm involving personal use of a firearm; one count of robbery involving personal use of a firearm; one count of robbery; and four counts of attempted robbery. *See People v. Torres*, Case No. B152866, 2003 Cal. App. Unpub. LEXIS 2557, at *1-*5 (Mar. 17, 2003).

1

petitions in this district. (November 2018 Petition at 1.) All of the earlier petitions challenged the same 2001 conviction at issue here.

On July 12, 2005, Petitioner filed a Petition For Writ Of Habeas Corpus ("2005 Petition") pursuant to 28 U.S.C. § 2254 in the United States District Court for the Central District of California. 2007 Report and Recommendation at 1. He amended that Petition on August 16, 2005. On June 1, 2007, United States District Judge A. Howard Matz issued an order dismissing the Petition with prejudice. Petitioner appealed to the Court of Appeals for the Ninth Circuit, which denied a certificate of appealability on July 15, 2008.

On March 3, 2016, Petitioner filed in the Ninth Circuit an application for leave to file a second or successive Section 2254 petition alleging that his trial counsel was ineffective for failing to investigate the statements of witness Isabel Morales to investigating officer Deputy John Quiroga. *See* Ninth Circuit Docket in *Arthur Torres v. Scott Frauenheim*, Case No. 16-70595. The Ninth Circuit denied Petitioner's application on December 20, 2017. *Id.* at Dkt. No. 18.

On March 31, 2016, while his application was pending before the Ninth Circuit, Petitioner filed another habeas petition in the Central District attacking his 2001 conviction ("March 31, 2016 Petition") based on claims of, *inter alia*, ineffective assistance of counsel. *See* Petition, *Torres v. Frauenheim*, No. CV 16-2205-JVS (KS), (C.D. Cal. Mar. 31, 2016), ECF No. 1. On April 20, 2016, United States District Judge James V. Selna dismissed the March 31, 2016 Petition without prejudice because it was a second or successive Section 2254 petition filed without leave from the Ninth Circuit. Order and Judgment, *Torres v. Frauenheim*, No. CV 16-2205-JVS (KS), (C.D. Cal. Apr. 20, 2016), ECF Nos. 6, 7.

On April 28, 2016, Petitioner filed a "First Amended Petition." *Torres v. Frauenheim*, No. CV 16-2919-JVS (KS), (C.D. Cal. Apr. 28, 2016), ECF No. 1 (hereinafter

"April 22, 2016 Petition").[2]  The April 22, 2016 Petition, like Petitioner's March 31, 2016 and July 12, 2005 Petitions, attacked Petitioner's 2001 conviction based on claims of ineffective assistance of trial counsel.  (Petition at 5, *Torres v. Frauenheim*, No. CV 16-2919-JVS (KS), ECF No. 1.)  On May 4, 2016, Judge Selna dismissed the April 22 2016 Petition without prejudice as a second and successive petition filed without permission of the Ninth Circuit and denied a certificate of appealability.  *Torres v. Frauenheim*, No. CV 16-2919-JVS (KS), ECF Nos 4 5.)

In the instant November 2018 Petition, Petitioner again contends that trial counsel was ineffective for failing to investigate the statements of witness Isabel Morales to investigating officer Deputy John Quiroga, statements that Petitioner contends "showed there was no kidnap [sic] or carjacking" and that Petitioner is actually innocent.  (November 2018 Petition at 5A, 58; *see also Arthur Torres v. Scott Frauenheim*, Case No. 16-70595 (Dkt. No. 1).  Petitioner also argues in the November 2018 Petition that counsel was ineffective for failing to object to certain jury instructions and testimony.  (November 2018 Petition at 5D-5E.)  Once again, however, Petitioner has failed to demonstrate that he has obtained authorization from the Ninth Circuit to file a second or successive petition challenging the 2001 conviction.  *See* 28 U.S.C. § 2244(b)(3) (even when Section 2244(b) provides a basis for pursuing a second or successive Section 2254 habeas petition based on facts that "could not have been discovered previously through the exercise of due diligence", a state habeas petitioner must first obtain authorization from the Ninth Circuit before filing any such second or successive petition).  To the contrary, the Ninth Circuit has *denied* Petitioner leave to file a habeas petition presenting one of the very claims presented in the November 2018 Petition.

---

[2]  It appears that Petitioner may have filed the April 22, 2016 Petition in an effort to amend the March 31, 2016 Petition to add allegations of timeliness, not to initiate a new habeas case.  But the Clerk filed Petitioner's April 22, 2016 Petition as a new habeas petition and, thus, a new case.

3

| | |
|---|---|
| 1 | Accordingly, the November 2018 Petition, like the April 22, 2016 Petition and the March 31, 2016 Petition, is an unauthorized second or successive petition that the Court lacks jurisdiction to consider. *See Burton v. Stewart*, 549 U.S. 147, 157 (2007); *see also McNabb v. Yates*, 576 F.3d 1028, 2029 (9th Cir. 2009) ("A habeas petition is second or successive . . . if it raises claims that were or could have been adjudicated on the merits" in an earlier Section 2254 petition"); *Gage v. Chappell*, 793 F.3d 1159, 1165 (9th Cir. 2015) (claims for which the factual predicate existed at the time for the first habeas petition qualify as second or successive). |

Therefore, IT IS ORDERED that: the Petition is DISMISSED pursuant to 28 U.S.C. § 2244(b) and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts; and Judgment shall be entered dismissing this action without prejudice. If Petitioner receives leave from the Ninth Circuit to raise his ineffectiveness claims in a second or successive Section 2254 petition in this Court, he may file a habeas petition at that time.

\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\

Further, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case. *See* 28 U.S.C. § 2253(c)(2*)*; *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).[3] The Court concludes that a certificate of appealability is unwarranted, and thus, a certificate of appealability is DENIED.

DATED: November 15, 2018

_____
JAMES V. SELNA
UNITED STATES DISTRICT JUDGE

Presented by:

Karen L. Stevenson
United States Magistrate Judge

---

[3] "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).